ORIGINAL

FILED

09 JUL 22 PM 1:1?

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  COUGHLIN STOIA GELLER RUDMAN &
     ROBBINS LLP
2  SHAWN A. WILLIAMS (213113)
   100 Pine Street, Suite 2600
3  San Francisco, CA 94111
   Telephone: 415/288-4545
4  415/288-4534 (fax)
   shawnw@csgrr.com
5    - and -
   SAMUEL H. RUDMAN
6  ROBERT M. ROTHMAN
   MARK S. REICH
7  58 South Service Road, Suite 200
   Melville, NY 11747
8  Telephone: 631/367-7100
   631/367-1173 (fax)
9  srudman@csgrr.com
   rrothman@csgrr.com
10 mreich@csgrr.com

11 Attorneys for Plaintiff

E-filing

CV 09      3356

PVT

12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16 DANIEL'S DEN INC., On Behalf of Itself and )   Case No.
   All Others Similarly Situated,            )
17                                            )   CLASS ACTION COMPLAINT
                              Plaintiff,      )
18                                            )
          vs.                                 )
19                                            )
   INTEL CORPORATION,                         )
20                                            )
                              Defendant.      )
21 _____ )   JURY TRIAL DEMANDED

22

23

24

25

26

27

28

Plaintiff Daniel's Den Inc. ("Daniel's Den" or "Plaintiff"), by its undersigned attorneys, Coughlin Stoia Geller Rudman & Robbins LLP, on behalf of itself and the Class (defined below), brings this action against defendant Intel Corporation ("Intel" or "Defendant") and alleges the following upon information and belief, formed after an inquiry reasonable under the circumstances, except as to those allegations which pertain to the named Plaintiff (which are alleged on personal knowledge), as follows:

## NATURE OF THE ACTION

1.    This class action is brought against Defendant for equitable (injunctive and/or declaratory) relief, breach of express warranty, unjust enrichment and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, as well as similar deceptive trade practices statutes and consumer protection statutes in effect in other states nationwide (collectively, the "Unfair Trade Practices Statutes").

2.    This is a class action complaint arising from Defendant's inaccurate and improper representations concerning the battery-life of laptop computers equipped with Intel processors. The length of time a laptop's battery can last is a crucial factor of a consumer's decision-making process in the purchase of a laptop computer.

3.    Plaintiff and the Class purchased computers with Intel processors. Intel promoted its processors and, in turn, the laptops equipped with those processors, as affording superior battery-life.

4.    Intel's representations regarding the battery-life associated with laptops equipped with Intel processors were derived from tests performed through a program called MobileMark® 2007. MobileMark® 2007 was created by a "non-profit consortium" called Business Applications Performance Corporation ("BAPCo"), which describes MobileMark® 2007 as the "latest version of the premier performance qualified battery-life metric based on real world applications."

5.    Intel, as one of the members of BAPCo, stands to profit from having the MobileMark® 2007 deliver results that purportedly show Intel processors to be associated with longer battery-life in laptops. However, as alleged herein, laptops equipped with Intel processors do not meet the advertised battery-lifespan. To the contrary, regular use of such laptops produces vastly reduced battery-life.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS                                                      - 1 -

6.      This suit seeks equitable relief and damages on behalf of Plaintiff and the Class.

## PARTIES

7.      Plaintiff Daniel's Den is a resident of Nassau County, State of New York.

8.      Defendant Intel designs, manufactures, markets, and sells microprocessors for laptops, desktops, nettops, workstations, communications products, notebooks, netbooks, mobile Internet devices, and other consumer electronics. Intel is a Delaware corporation that was founded in 1968 and is based in Santa Clara, California.

## JURISDICTION AND VENUE

9.      The Court has original jurisdiction over this matter, pursuant to 28 U.S.C. §1332(d), in that the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action of more than 100 potential Class members in which Plaintiff is a citizen the State of New York while Defendant is a citizen of the State of California. Additionally, many additional members of the purported class are citizens of a state other than California.

10.      Venue is proper in this District under 28 U.S.C. § 1391. Defendant Intel resides in the Northern District of California and a substantial part of the events or omissions giving rise to Plaintiff s claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

11.      The matter is properly assigned to the San Jose division of this District under Local Rule 3-2(c)-(e), 3 as a substantial part of the events or omissions giving rise to the claims at issue occurred in Santa Clara County, where Intel is headquartered.

## SUBSTANTIVE ALLEGATIONS

12.      Intel advertises its processors to have "unique energy-saving components designed to give you the longest battery-life."

13.      To substantiate its battery-life claims, Intel uses the MobileMark® 2007 test, which it describes as "a benchmark used to evaluate notebook PC user experience by measuring both performance and battery-life at the same time on the same workload."

14.      Opportunistically, the MobileMark® 2007 test was developed by BAPCo, a consortium of companies which includes Intel. BAPCo is self-described as a "non-profit consortium

with a charter to develop and distribute a set of objective performance benchmarks for personal computers based on popular software applications and operating systems."

15.    As a result, upon information and belief, Intel has been able to take advantage of using its own test or software to gauge or estimate the battery-life of laptops equipped with Intel processors.  Based upon the data gleaned from the MobileMark® 2007 test, Intel represents the expected lifespan of batteries.

16.    Upon information and belief, the MobileMark® 2007 test tests batteries under moderate- to little-use conditions.  Those test settings benefit Intel and its battery-life claims.

17.    Consumers experience a greatly reduced battery-lifespan, however, through everyday or actual-use of Intel-equipped laptops.

18.    Clearly, the MobileMark® 2007 test does not provide an accurate indication as to the battery-life consumers can expect.

19.    Through Intel's use of MobileMark® 2007 as a basis for its battery-life claims, Intel's advertised lifespan for laptops equipped with Intel processors is misleading and inaccurate.  Intel knows, or reasonably should know, that its battery-life claims are unrealistic.

20.    Media reports have recognized the problem with Intel's dependence on MobileMark® 2007 as a basis for its battery-life claims.  For example, on June 17, 2009, in an article entitled "Why Can't We Get an Accurate Battery Life Test for Laptops?," *The New York Times* described the MobileMark® 2007 test as "limited."  The same article stated that Intel's reliance on the MobileMark® 2007 test is "troubling."

**Allegations as to Plaintiff**

21.    In or about November 2008, Plaintiff purchased a laptop equipped with an Intel processor.

22.    The laptop computer, equipped with an Intel processor, is advertised to provide 6.2 to 6.5 hours of battery-life on the operating system or platform used on the laptop.  The battery-life claim is derived from testing through the MobileMark® 2007.

23.    In Plaintiff's own experience, the battery-life for the laptop computer is considerably less than 6.2 hours on a single charge.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS                    - 3 -

**Defendant's Conduct Toward Plaintiff**
**is Representative of Conduct Toward the Class**

24.     Plaintiff and members of the Class experience vastly reduced battery-life of their laptop computers equipped with Intel processors.

## CLASS ACTION ALLEGATIONS

25.     This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff brings this action both in its individual capacity, and as a class action against Defendant, on behalf of itself and all persons who purchased a laptop computer equipped with an Intel processor since August 2007, and were damaged thereby (the "Class").  Excluded from the Class is Defendant, including any entity in which Defendant has a controlling interest, or which is a parent or subsidiary of, or which is controlled by, Defendant, and the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, or assigns of Defendant.

26.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of members of the proposed Class.

27.     Common questions of law and fact exist as to all Class members and predominate over any questions which affect only individual Class members.  These common questions of law and fact include:

(a)     whether Intel makes inaccurate claims regarding the battery-life expectancy of a laptop computer equipped with an Intel processor;

(b)     whether Defendant knew or should have known that its battery-life claims were inaccurate or unrealistic;

(c)     whether Defendant knew or should have known that MobileMark® 2007 did not test under conditions that a laptop computer would be used on an ordinary and everyday basis by consumers;

(d)     whether Defendant engaged in improper or illegal business practices by utilizing inflated battery-life claims in its advertising;

1    (e)    whether Intel is in breach of an express warranty to Plaintiff and members of

2  the Class;

3    (f)    whether Intel was unjustly enriched through its conduct toward Plaintiff and

4  members of the Class;

5    (g)    whether Intel violated any Unfair Trade Practices Statutes;

6    (h)    whether Plaintiff and members of the Class are entitled to injunctive relief;

7    (i)    whether Plaintiff and members of the Class are entitled to statutory relief;

8    (j)    whether Plaintiff and members of the Class are entitled to compensatory

9  relief; and

10    (k)    whether Plaintiff and the Class members have sustained damages, and, if so,

11  what is the proper measure of damages.

12    28.    Plaintiff's claims are typical of the claims of the Class members he seeks to represent

13  in that Plaintiff and each Class member sustained, and continues to sustain, damages arising from

14  Defendant's wrongdoing.  Plaintiff's damages, as well as the damages of each Class member, were

15  caused by Defendant's wrongful conduct as alleged herein.

16    29.    Plaintiff will fairly and adequately protect the interests of those Class members he

17  seeks to represent and has no interests that are antagonistic to the interests of any other Class

18  member.  Plaintiff has retained counsel who have substantial experience and success in complex

19  litigation, including the litigation of class actions and consumer protection claims, including

20  consumer protection claims in the class action context.

21    30.    A class action is superior to other available methods for the fair and efficient

22  adjudication of this controversy, since joinder of all the individual Class members is impracticable.

23  Furthermore, because the damages suffered, and continue to be suffered, by each individual Class

24  member may be relatively small, the expense and burden of individual litigation would make it very

25  difficult or impossible for individual Class members to redress the wrongs done to each of them

26  individually and the burden imposed on the judicial system would be enormous.

27    31.    In addition, the prosecution of separate actions by the individual Class members

28  would create a risk of inconsistent or varying adjudications with respect to individual Class

1  members, which would establish incompatible standards of conduct for Defendant. In contrast, the

2  conduct of this action as a class action presents far fewer management difficulties, conserves judicial

3  resources and the parties' resources, and protects the rights of each Class member.

4  <center>**COUNT I**</center>

5  <center>**Breach of Express Warranty**</center>

6      32.    Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as

7  if fully set forth herein.

8      33.    Beginning in or about August 2007, Intel, through its use of the MobileMark® 2007

9  test, represented, in writing and otherwise, the battery-life that a laptop computer equipped with an

10  Intel processor would experience. Those representations, promises and assurances became part of

11  the basis of the bargain between Intel and Plaintiff (and the Class), and a basis for consumers'

12  purchases of laptop computers equipped with an Intel processor, and thereby constituted an express

13  warranty.

14      34.    In turn, Plaintiff and members of the Class purchased laptop computers equipped with

15  Intel processors.

16      35.    Defendant, however, breached the express warranty in that the real or actual use of

17  the laptop computers equipped with Intel processors did not achieve the battery-lifespan as expressly

18  warranted by Intel. As a result of the stated breach, Plaintiff and the members of the Class did not,

19  in fact, receive goods as warranted by Defendant.

20      36.    As a direct or proximate result of this breach of warranty by Defendant, Plaintiff and

21  the Class have been damaged in an amount to be determined at trial.

22  <center>**COUNT II**</center>

23  <center>**Unjust Enrichment**</center>

24      37.    Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as

25  if fully set forth herein.

26      38.    By means of its material misconduct, as set forth above, Defendant induced Plaintiff

27  and the Class to purchase laptop computers equipped with Intel processors. Also by means of its

28  material misconduct, as set forth above, Defendant caused Plaintiff and the Class to own substandard

1  products.  As a consequence of such misconduct, Plaintiff and the members of the Class purchased

2  laptop computers that they would not have otherwise purchased, or paid more than they otherwise

3  would have paid for the product, absent the misconduct by Intel.

4      39.    By virtue of the foregoing, Intel has been unjustly enriched in an amount yet to be

5  determined with respect to the Class members, to the extent that Intel received and kept revenues

6  attained from the sale of laptop computers equipped with Intel processors to Plaintiff and the Class

7  that it would not have received absent its improper conduct.

8                                    **COUNT III**

9                  **Violation of California's Unfair Competition Law,**
   **Cal. Bus. & Prof. Code § 17200, *et seq.*, and Other Similar State Statutes**

10

11      40.    Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as

   if fully set forth herein.
12

13      41.    California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.,

14  prohibits unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or

   misleading advertising.
15

16      42.    As alleged fully above, Intel engaged in deceptive acts and practices within the

17  meaning of the Unfair Trade Practices Statutes, namely, by overstating the lifespan for batteries in

18  laptop computers equipped with Intel processors through its marketing and representations.

19      43.    As alleged fully above, Intel engaged in deceptive acts and practices within the

20  meaning of the Unfair Trade Practices Statutes, namely, by manufacturing, distributing, supplying

   and/or selling inferior or substandard products to Plaintiff and members of the Class.
21

22      44.    As a consequence of Defendant's conduct, Plaintiff and members of the Class have

23  suffered injury and ascertainable loss.

24      45.    As a result of Intel's violation of California's Unfair Competition Law, Cal. Bus. &

25  Prof. Code § 17200, *et seq.*, Plaintiff and members of the Class were economically injured, and are

26  entitled to actual damages in an amount to be determined.

27      46.    Intel's continuing and ongoing failure to comply with California's Unfair

28  Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* will, unless restrained and enjoined, cause

1  similar harm to Plaintiff, members of the Class and other consumers and, accordingly, Plaintiff and

2  the Class are entitled to declaratory and injunctive relief, as set forth below.

3                                              **COUNT IV**

4                          **Equitable (Injunctive and/or Declaratory) Relief**

5       47.     Plaintiff repeats and realleges each and every allegation contained in all preceding

6  paragraphs as if fully set forth herein.

7       48.     Intel utilizes its MobileMark® 2007 test as a basis to advertize or represent to

8  consumers the lifespan of the battery in a laptop computer equipped with an Intel processor.

9       49.     As alleged above, the MobileMark® 2007 test does not provide an accurate indication

10  as to the battery-life consumers can expect.  As a result, Intel's advertised lifespan for laptops

11  equipped with Intel processors is misleading and inaccurate.  Intel knows, or reasonably should

12  know, that its battery-life claims are unrealistic.

13      50.     No adequate remedy at law exists to address the inaccurate or improper claims

14  regarding battery-life by Defendant.

15      51.     Accordingly, Plaintiff, on behalf of itself and the Class, requests the following

16  equitable relief:

17          (a)     a judicial determination and declaration of the rights of Plaintiff and the Class

18  and the responsibilities of Defendant with respect to the issues that are the subject of this action;

19          (b)     that Intel be enjoined to remedy the known inaccuracies of its advertising and

20  claims concerning battery-life in laptop computers equipped with Intel processors;

21          (c)     that Intel disclose to Plaintiff and the Class, insofar as is possible, the accurate

22  lifespan for batteries in laptop computers equipped with Intel processors based upon real-time or

23  actual use; and

24          (d)     that Defendant cease using MobileMark® 2007 as a basis for determining the

25  lifespan for batteries in laptop computers equipped with Intel processors.

26                                         **PRAYER FOR RELIEF**

27      WHEREFORE, Plaintiff demands judgment against Defendant for itself and the members of

28  the Class, as follows:

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS                                     - 8 -

1    A.    an Order determining that this action is a proper class action and certifying Plaintiff

2  as a representative of the Class;

3    B.    an Order awarding statutory, compensatory and punitive damages in favor of Plaintiff

4  and the other Class members against Defendant for Defendant's violation of the Unfair Trade

5  Practices Statutes, and for all damages sustained as a result of Defendant's wrongdoing, in an

6  amount to be proven at trial, including interest thereon;

7    C.    an Order declaring Defendant's practices to be improper, unfair, unlawful and/or

8  deceptive and requiring Intel to provide refunds to Plaintiff and the members of the Class;

9    D.    a temporary, preliminary or permanent injunction: (i) ordering Defendant to make

10  disclosures, through corrective advertising, to inform the public of the true lifespan of batteries in

11  laptop computers equipped with Intel processors; (ii) enjoining Defendant from selling its processors

12  until the proper disclosures set forth above are issued; (iii) ordering Defendant to disclose the

13  accurate lifespan for batteries in laptop computers equipped with Intel processors; and (iv) enjoining

14  Defendant from utilizing MobileMark® 2007 for determining the lifespan for batteries in laptop

15  computers equipped with Intel processors;

16    E.    disgorgement and restitution;

17    F.    an Order awarding Plaintiff and the Class their reasonable costs and expenses

18  incurred in this action, including counsel fees and expert fees; and

19    G.    such other and further relief as the Court may deem just and proper.

20                              **JURY DEMAND**

21    Plaintiff hereby demands a trial by jury.

22  DATED: July 22, 2009                 COUGHLIN STOIA GELLER RUDMAN &
                                          ROBBINS LLP
23                                        SHAWN A. WILLIAMS

24

25                                        _____

26                                               SHAWN A. WILLIAMS

27

28

1

2   100 Pine Street, Suite 2600
    San Francisco, CA  94111
    Telephone:  415/288-4545
3   415/288-4534 (fax)

4

5   COUGHLIN STOIA GELLER RUDMAN &
        ROBBINS LLP
    SAMUEL H. RUDMAN
6   ROBERT M. ROTHMAN
    MARK S. REICH
7   58 South Service Road, Suite 200
    Melville, NY  11747
8   Telephone:  631/367-7100
    631/367-1173 (fax)

9
    Attorneys for Plaintiff
10
    S:\CptDraft\Consumer\CPT Intel.doc
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3 named parties, there is no such interest to report.

4

5                                          _____
                                           ATTORNEY OF RECORD FOR PLAINTIFF
6                                          SHAWN A. WILLIAMS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS                           - 11 -